# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT JASON TILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV789 TIA |
| | ) | |
| METROPOLITAN POLICE | ) | |
| DEPARTMENT OF THE CITY | ) | |
| OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for failure to state a claim. Also before the Court is plaintiff's motion for default judgment.

Plaintiff, a St. Louis City Police Officer, filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., alleging discrimination on the basis of his race and religion. Plaintiff additionally alleges that he was subjected to a racially hostile work environment. Plaintiff named both the St. Louis City Police Department, as well as his supervisors, as defendants in this action. Attached to plaintiff's complaint are notices of right to sue from both the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC").

The individual defendants seek dismissal of plaintiff's claims against them, arguing that they cannot be held liable for discrimination pursuant to Title VII. See, e.g., Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999); Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997). The Police Department also moves for dismissal of plaintiff's complaint, asserting that it is not a legal or governmental entity capable of being sued. See, e.g., Catlett v. Jefferson County, 299 F.Supp.2d 967 (E.D. Mo. 2004).

The Court has reviewed the complaint and the corresponding documentation, and believes that the proper course of action in this instance is to deny defendants' motion to dismiss without prejudice and allow plaintiff an opportunity to amend his complaint. Although the Court agrees with the individual defendants that there is no supervisory liability under Title VII, it is not entirely clear whether plaintiff is pursuing a cause of action against them under the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. §§ 213.010-213.095, a state statute that appears to allow for individual liability. See, e.g., Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238 (Mo. Ct. App. 2006) (finding that the definition of "employer" under the MHRA imposes individual liability in the event of discriminatory conduct); see also, Giandinoto v. Chemir Analytical Services, Inc. 545 F.Supp.2d 952 (E.D. Mo. 2007). As noted above, attached to plaintiff's complaint is a right to sue from the

MCHR, thus, it is plausible that plaintiff, a pro se litigant, mistakenly believed he was giving notice of his intent to proceed with his case under both the federal and/or state statutes by simply attaching both the federally-issued, as well as the state-issued, right to sue. Plaintiff should be allowed the opportunity to clarify his intent by specifically articulating what statutes he is proceeding under.

Similarly, the Court agrees with the Police Department that the proper entity subject to suit is the St. Louis Board of Police Commissioners. But dismissal of plaintiff's complaint for failing to properly identify defendant would be a stiff penalty at this juncture, as any attempt by plaintiff to refile the action against the proper party would no doubt be subject to a motion to dismiss as untimely. See 42 U.S.C. § 2000e-5(f)(1) (noting that an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue). Accordingly, the better course of action would be to allow plaintiff to amend his complaint to name the proper defendant in this action, who has already been identified as the Board of Police Commissioners.

In accordance with the findings set forth above, and taking into consideration that plaintiff is proceeding pro se, the Court will grant plaintiff time to file an amended complaint. Moreover, because the Court is allowing plaintiff to file an amended complaint, it will deny defendants' motion to dismiss at this time. Should

defendants wish to file another motion to dismiss after the filing of plaintiff's amended complaint, they are hereby granted leave to do so.

Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint the Court will review as this action proceeds. Thus, plaintiff must included in the "Caption" of the amended complaint all of the defendants he wishes to sue, and in the "Statement of Claim," he must set out specific facts against each named defendant corresponding to each of his claims. The amended complaint must also make it clear whether or not plaintiff is pursuing remedies under both state and/or federal laws, and he must properly name each defendant. Plaintiff's failure to file an amended complaint in compliance with this Court's order will necessitate dismissal of plaintiff's claims.

Lastly, the Court will deny plaintiff's motion for default judgment, as defendants filed their motion to dismiss within the time allowed by the Court. See Fed.R.Civ.P. 12.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #19] is **DENIED WITHOUT PREJUDICE,** with leave to refile upon the filing of plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #21] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Order.  In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing an employment discrimination complaint.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, in addition to a copy of this Memorandum and Order, the court-provided form for filing an employment discrimination complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions may result in a dismissal of this action.


Dated this __28th__ day of August, 2008.


_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE