UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT JASON TILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV789 TIA |
| ) | |
| METROPOLITAN POLICE DEPARTMENT ) | |
| OF THE CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Plaintiff's Motion for Clarification of Order Referring Case to Alternative Dispute Resolution (Docket No.72). Defendants have responded to the motion to which Plaintiff has replied. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Scott Jason Tillis, a St. Louis City Police Officer, filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") , 42 U.S.C. §§ 2000e et seq., alleging discrimination on the basis of his race and religion. Plaintiff further alleges that he was subjected to a racially hostile work environment. Plaintiff named the Metropolitan Police Department of the City of St. Louis and the Board of Police Commissioners of the St. Louis Metropolitan Police Department, as well as his supervisors and police officers, as Defendants in this action

In the Order Referring Case to Alternative Dispute Resolution, the undersigned ordered in relevant part as follows:

> (2) Disclosure of Participants and Duty to Attend: Not later than ten (10) days prior to the ADR Conference, each party will provide to the opposing party, and to the neutral, a list of all persons who will participate in the ADR

> Conference on behalf of the party making the disclosure. This list shall state the names of the individuals attending and their general job titles. Pursuant to Rule 16-6.02(B), **all parties, counsel of record, and corporate representatives or claims professionals having authority to settle claims shall attend the mediation conference in person unless otherwise agreed to by the parties or approved by the court, and participate in good faith.** For early neutral evaluation conferences, all counsel of record and their clients shall attend in person unless otherwise agreed to by the parties or approved by the court.

(Docket No. 66). Accordingly, individuals having authority to settle the claims in the instant action shall attend the mediation.

After reviewing the pleadings filed by the parties, the undersigned finds that the Board's participation, in some capacity, will be provided by Lieutenant Colonel David Heath, Secretary to the Board, and Mark Lawson, General Counsel to the Board, attending the mediation on September 23, 2009. Upon completion of the mediation, if the neutral determines any individuals possessing the requisite settlement authority failed to appear, Plaintiff may seek sanctions if he can show how the non-appearance of an individual severely limited the effectiveness of the mediation.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification of Order Referring Case to Alternative Dispute Resolution (Docket No.72) is GRANTED.

Dated this __16th__ day of September, 2009.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE
